UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:10-CR-00350-BR

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ) | |
| JOSEPH NADIR NELSON ) | |
| ) | |

This matter is before the court on defendant's *pro se* motion to return property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure. The government filed a response to the motion.

According to defendant, he was arrested on 2 September 2010 on "unrelated charges." (Mot. at 1.) Apparently at that time, defendant's mother's car, defendant's bank card, and $200.00 in cash were seized in connection with that arrest. (See id. at 2.) According to the United States Attorney, it was state law enforcement officers who seized said property, and the property remains in the custody of the State of North Carolina. (Resp. ¶¶ 1, 3.) The only property in the custody of the United States is a firearm. (Id. ¶ 3.) The government requests an order authorizing the destruction of the firearm. (Id. ¶ 7.)

"Under Rule 41(g), this Court cannot direct a person who is not a federal government agent to turn over any property." Almon v. United States, 302 F. Supp. 2d 575, 592 (D.S.C. 2004) (citation omitted). Also, the court cannot order return of property defendant does not own or in which he does not have a legal interest. See Matthews v. United States, 917 F. Supp. 1090, 1104-05 (E.D. Va. 1996) (finding that the defendant lacked standing to seek return of his

girlfriend's car: "[m]ere proximity and personal relationship to the owner do not satisfy the standing requirement necessary to bring an action regarding this property in federal court."). Defendant's property which is in the custody of the government, i.e., the firearm, cannot be returned to defendant as he is a convicted felon. See Stein v. United States, No. Civ. A. AMD-04-3303, 2005 WL 936979, at *3 (D. Md. Apr. 5, 2005) ("The government correctly observes that plaintiff, as a convicted felon, is prohibited from the direct or constructive possession of the unidentified firearms he seeks to have returned to him." (citing 18 U.S.C. § 922(g); United States v. Felici, 208 F.3d 667, 670 (8th Cir. 2000); United States v. Cleney, 25 F.3d 1041, 1994 WL 233296 (4th Cir. May 31, 1994) (unpublished)).

Defendant has offered nothing to show that the federal government ever had actual, or even constructive, possession of the subject property nor does he contend that he has any interest in the car registered to his mother. Accordingly, the motion is DENIED, and the Bureau of Alcohol, Tobacco, Firearms, and Explosives is ORDERED to dispose of the Browning .25 caliber pistol seized from defendant in accordance with the law.

This 13 June 2012.

                                        W. Earl Britt
                                        Senior U.S. District Judge